Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000129
29-SEP-2016
08:22 AM

NO. CAAP-16-0000129

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

Association of Owners of Kalele Kai,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
Hitoshi Yoshikawa,
Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant,
and
Bradford Oakes and Darla Sabry,
Third Party-Defendants/Appellees
and
Doe Defendants 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0102)

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-16-0000129 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record it appears that we lack appellate jurisdiction over Defendant/Counterclaim-Plaintiff/ Third-Party Plaintiff/Appellant Hitoshi Yoshikawa's (Appellant Yoshikawa) appeal from the Honorable Karen T. Nakasone's February 3, 2015 judgment in favor of Plaintiff/Counterclaim-Defendant/Appellee Association of Owners of Kalele Kai (Appellee Association of Owners of Kalele Kai), because the February 3, 2016 judgment neither resolves all claims against all parties nor

contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015) requires under HRCP Rule 54(b), HRCP Rule 58 and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must</u> (i) identify the claims for which it is entered, and (ii)<u>dismiss any claims not specifically identified</u>[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> <u>For example</u>: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." . . . . If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "<u>all other claims, counterclaims, and cross-claims are dismissed</u>."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

When interpreting the requirements for an appealable final

judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court

of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted;

original emphasis). Consequently, "an appeal from any judgment

will be dismissed as premature if the judgment does not, on its

face, either resolve all claims against all parties or contain

the finding necessary for certification under HRCP [Rule] 54(b)."

Id.

> The instant case involves three sets of claims:
>
> (1) two counts in Appellee Association of Owners of Kalele Kai's February 20, 2015 first amended complaint against Appellant Yoshikawa;
>
> (2) eleven counts in Appellant Yoshikawa's April 29, 2015 counterclaim against Appellee Association of Owners of Kalele Kai; and
>
> (3) eleven counts in Appellant Yoshikawa's April 29, 2015 third-party complaint (which Appellant Yoshikawa incorrectly labeled as a "cross-claim") against Third Party-Defendants/Appellees Bradford Oakes (Appellee Oakes) and Darla Sabry (Appellee Sabry).

(1) The February 3, 2016 judgment enters judgment in favor of

Appellee Association of Owners of Kalele Kai and against

Appellant Yoshikawa as to all claims in Appellee Association of

Owners of Kalele Kai's February 20, 2015 first amended complaint. (2) The February 3, 2016 judgment enters judgment in favor of Appellee Association of Owners of Kalele Kai and against Appellant Yoshikawa as to all claims in Appellant Yoshikawa's counterclaim and "cross-claim". However, as to (3) Appellant Yoshikawa's April 29, 2015 third-party complaint (incorrectly labeled as a "cross-claim") against Appellee Oakes and Appellee Sabry, the February 3, 2016 judgment neither enters judgment on nor dismisses Appellant Yoshikawa's third-party complaint as to these two parties. The February 3, 2015 judgment does not even mention the names of Appellee Oakes and Appellee Sabry, much less expressly resolve Appellant Yoshikawa's third-party claims as to Appellee Oakes and Appellee Sabry.

Although the February 3, 2016 judgment does not resolve Appellant Yoshikawa's third-party claims as to Appellee Oakes and Appellee Sabry, neither does it contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Instead, the February 3, 2016 judgment closes with a statement that declares that "[t]his Final Judgment resolves and disposes of all claims asserted by all parties in this action in accordance with Rule 58 of the Hawaii Rules of Civil Procedure." As the Supreme Court of Hawai'i has explained,

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

The February 3, 2016 judgment must either enter judgment on or dismiss all claims as to all parties, including Appellee Oakes and Appellee Sabry, which it does not. Therefore, the February 3, 206 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a) (1993 & Supp. 2015), HRCP Rule 54(b), HRCP Rule 58 and the holding in Jenkins. Absent an appealable final judgment, we lack appellate jurisdiction, and Appellant Yoshikawa's appeal is premature. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000129 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 29, 2016.

Chief Judge

Associate Judge

Associate Judge

-5-